UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL J. RILEY                                    CIVIL ACTION

VERSUS                                              NO.  11-187

SECRETARY, JANET NAPOLITANO                         SECTION "N"  (1)
DEPARTMENT OF HOMELAND SECURITY


**ORDER AND REASONS**

Before the Court is the **"Motion for Summary Judgment" (Rec. Doc. 29)**, filed by the

defendant.   The plaintiff has filed an opposition memorandum (Rec. Doc. 30).

**I.  BACKGROUND:**

Plaintiff Michael Riley brings this action seeking back pay and damages on grounds of

discriminatory discharge from his employment as an Equal Rights Officer with the Federal

Emergency Management Agency ("FEMA") on August 1, 2007.  *See* Complaint (Rec. Doc. 1).

Although his discharge was purportedly based upon alleged abuse of a government-issued credit

card, plaintiff maintains that this was a pretext and that the real reason for his discharge was that

he complained to (and about) Lois Cleveland (then Acting Cadre Manager) in a July 11, 2007

email addressed to Ms. Cleveland and copied to Pauline Campbell (Director of the Office of

Equal Rights).  *See* Riley Affidavit at ¶¶9 through 13, 15 (Rec. Doc. 29-3 at pages 3-5 of 66); *see*

*also* Riley Depo. at pp. 51-52, 76-77 (Rec. Doc. 29-10 at pp. 13 of 26 and 19-20 of 26).   The

email stated:

Dear Ms. Cleveland,

I am concern [sic] that I have not received any response from you regarding my two (2) previous emails; dated June 22nd.

I have attempted to comply with all of your requested instructions. I didn't complain that in spite of having been evaluated twice prior to my DAE appointment you had be completed to [sic] additional training periods.

I did not complain that without notice you assigned me to Harhan [sic], LA for the 4th mentoring training, even though it was within 50 miles of my residence; and therefore forced me to incur over $1000 in necessary car rental to attend the assignment.

I did not complain when I got the ADD assignment to Greensburg, KS; again without any notice from you and attempted to comply.

I did not complain when you stopped me in the middle of deployment and sent me home.

As required, and instructed by you, I did bring my travel card current and so advised you of my availability for ERO training. While I might feel that your failure to allow me to attend ERO Update training was retaliatory, I did not complain.

I have invested a great deal of energy into meeting the requirements of my DAE appointment and my evaluations are proof of my efforts. I have not used any burden related to my personal Katrina recovery as any excuse to any requirements of the FEMA Office of Equal Rights.

I would like to have a clear understanding of your position as to my status in the DAE Cadre. I feel as if I am being mistreated and hope that you give me some greater explanation for the treatment I'm receiving.

I just want to work, like everyone else.

With regard, I remain
Sincerely
Michael

*See* Rec. Doc. 29-3 at pages 8-9 of 66; *see also* Rec. Doc. 30-11.

Plaintiff also alleged in his complaint that, as a black male, he was treated differently than white employees.[1]  *Id.* at ¶ XXI.   However, to the extent that plaintiff asserted claims of race or gender discrimination, those claims were dismissed for failure to exhaust administrative remedies.  *See* Rec. Docs. 14 and 15.  The only claim remaining is the claim for retaliatory discrimination.

In the instant motion, defendant seeks to dismiss this remaining claim of retaliation on two alternative grounds:  (1) plaintiff cannot establish the first element of his *prima facie* case, namely that he engaged in a protected activity under Title VII; and (2) plaintiff cannot establish that "but for" engaging in a protected activity, he would not have been discharged.   Because the Court agrees that the defendant is entitled to judgment as a matter of law based upon the first argument, the Court does not reach the defendant's second argument.

## II.  LAW AND ANALYSIS:

### A.  Summary Judgment Standard:

Rule 56 provides:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   The standard for deciding a Rule 56 motion is as follows:

> Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323...(1986). It is then up to the nonmoving party, going beyond the pleadings, to point to "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).   Under Rule 56, the party asserting that a fact "is genuinely disputed must support the assertion by[ ] ... citing to particular parts of materials in the record, including depositions, documents, electronically stored

---

[1]  Plaintiff alleges that one white male employee was allowed to continue work after misusing his credit card, while another white male was terminated for such misuse.  *See* Complaint (Rec. Doc. 1) at ¶¶ XIX, XX.

information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1).  Although, in reviewing a grant of summary judgment, we examine the evidence in the light most favorable to the nonmoving party, *Addicks Servs., Inc. v. GGP–Bridgeland, LP*, 596 F.3d 286, 293 (5th Cir.2010), and draw any reasonable inferences in favor of  that party, *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir.2003), conclusory or unsubstantiated allegations alone are insufficient to defeat summary judgment, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).[2]

**B.  Discrimination Under Title VII:**

Under Title VII, it is "an unlawful employment practice for an employer ... to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).  It is also "an unlawful employment practice for an employer to discriminate against any of his employees...because he has opposed any practice made an unlawful employment practice by [Title VII] or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."  42 U.S.C. § 2000e–3(a).   The Fifth Circuit has recently capsulized the framework for adjudicating claims under Title VII:

> When there is no direct evidence of unlawful discrimination, we analyze a plaintiff's Title VII claims using the framework set out by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792... (1973), and refined in subsequent cases.  Under *McDonnell Douglas*, the plaintiff must carry the initial burden of establishing a prima facie case of racial or gender discrimination. *Id.* at 802.... If a plaintiff establishes her prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the action. [*Id.*].  If the defendant carries this burden, "the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a

---

[2]  *Sexton-Walker v. Allstate Ins. Co.*, Slip Copy, ___ F.3d___, 2012 WL 3139567 *1 (5th Cir. 2012).

pretext for discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253...(1981). "Although intermediate evidentiary burdens shift back and forth under th[e *McDonnell Douglas* ] framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.' " *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143...(2000) (quoting *Burdine*, 450 U.S. at 253...).

*Davis v. Dallas Independent School Dist.,* 448 Fed. Appx. 485, 490 (5th Cir. 2011).

### B.  Plaintiff Fails to Establish a *Prima Facie* Case of Retaliation:

Defendant argues that summary judgment is appropriate because the plaintiff cannot

establish a *prima facie* case of retaliation.  The standard for establishing a claim of retaliatory

discrimination is as follows:

A plaintiff may establish a prima facie case of retaliation by demonstrating that: "(1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir.2009).  "Summary judgment is appropriate if the plaintiff cannot support all three elements." *Id.*  If, however, a "plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate ... non-retaliatory reason for its employment action.  If the employer meets this burden of production, the plaintiff then bears the burden of proving that the employer's reason is a pretext for the actual retaliatory reason."  *Aryain v. Wal–Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir.2008) (internal quotation marks and citations omitted).

*Davis,* 448 Fed. Appx. at 492.   According to defendant, plaintiff's *prima facie* case fails because

he cannot establish the first element, namely that he engaged in a protected activity under Title

VII**.**

Plaintiff maintains that the protected activity in this case was the July 11, 2007 email that

plaintiff sent to Lois Cleveland and Pauline Campbell.  *See* Riley Affidavit at ¶¶9 through 13, 15

5

(Rec. Doc. 29-3 at pages 3-5 of 66); *see also* Riley Depo. at pp. 76-77 (Rec. Doc. 29-10 at pp. 19-20 of 26).   Defendant argues that this email does not constitute protected activity within the meaning of Title VII because it does not refer to any practice made an unlawful employment practice under Title VII.   The Court agrees.

"An employee has engaged in activity protected by Title VII if she has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII."  *Dixon v. Moore Wallace, Inc.*, 236 Fed.Appx. 936, 937 (5th Cir.2007) (quoting 42 U.S.C. § 2000e–3(a)).  Here, there is no allegation or evidence that plaintiff participated in any investigation or proceeding under Title VII.  Thus, the sole issue is whether plaintiff engaged in any activity protected under the "opposition clause" to section 2000e–3(a) — *i.e.*, whether plaintiff "opposed any practice made an unlawful employment practice" by Title VII.   In reviewing such cases, the Fifth Circuit has made clear that complaints of unfair treatment do not qualify as "protected activity" for purposes of a retaliation claim if they contain no reference to any practice made an unlawful employment practice under Title VII:

> We have consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity. *See, e.g., Tratree v. BP N. Am. Pipelines, Inc.*, 277 Fed.Appx. 390, 395 (5th Cir.2008) ("Complaining about unfair treatment without specifying why the treatment is unfair ... is not protected activity."); *Harris–Childs v. Medco Health Solutions, Inc.*, 169 Fed.Appx. 913, 916 (5th Cir.2006) (affirming summary judgment on retaliation claim where plaintiff never "specifically complained of racial or sexual harassment, only harassment"); *Moore v. United Parcel Serv., Inc.*, 150 Fed.Appx. 315, 319 (5th Cir.2005) ("Moore ... was not engaged in a protected activity, as his grievance did not oppose or protest racial discrimination or any other

6

unlawful employment practice under Title VII."); *see also Evans v. Tex. Dep't of Transp.*, 547 F. Supp. 2d 626, 654 (E.D. Tex.2007) ("Plaintiff has not shown that she engaged in a statutorily protected activity. Specifically, although Evans complained of a purportedly hostile work environment, at no time did she suggest that [the conduct at issue] was related to Evan's race, sex, ... or other characteristic protected by Title VII.").

*Davis,* 448 Fed. Appx. at 493; *see also Smart v. Geren,* 350 Fed. Appx. 845, 846 (5th Cir. 2008) ("Although Smart filed two unfair labor practices charges before being terminated, nothing in either form indicates that the complaints concerned the infraction of a right with redress under Title VII. He thus raised no fact issue that he engaged in 'protected activity' while employed for purposes of Title VII."); *Tratee*, 277 Fed. Appx. at 396 ("Tratee complained of unfair treatment..., but he never referred to the discriminatory treatment as age-based.").

Likewise, in this case, although the plaintiff complained of mistreatment, he did not suggest that the treatment was based on any characteristic protected under Title VII. Indeed, plaintiff has admitted that the email complaint was not based on any protected status. *See* Riley Depo. at pp. 77-78 (Rec. Doc. 29-10 at p. 20 of 26). Nor has the plaintiff pointed to any facts suggesting that he took any other action that would qualify as "protected activity" for purposes of establishing a retaliation claim under 42 U.S.C. § 2000e–3(a).[3] Consequently, he cannot make out a *prima facie* case of retaliatory discharge, and his claim fails as a matter of law.

---

[3] In finding that plaintiff has failed to show that there is a genuine dispute as to whether he engaged in protected activity, the Court has considered the entire record, not only the materials submitted in support of and in opposition to the instant motion, but also the materials submitted in connection with plaintiffs Motion for Summary Judgment as to Liability, which was noticed for submission to the Court on a later date. *See* Rec. Doc. 31.

III.  **CONCLUSION**:

**IT IS ORDERED** that:

(1) the defendant's Motion for Summary Judgment **(Rec. Doc. 29)** is hereby

**GRANTED**;

(2) the plaintiff's one remaining claim against the defendant, that of retaliatory

discrimination, is hereby **DISMISSED WITH PREJUDICE**; and

(3) the "Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment" **(Rec.**

**Doc. 32)** and "Plaintiff's Motion for Leave to Amend Submission Date [on] Plaintiff's Motion

for Summary Judgment as to Liability or Extension of Deadline for Dispositive Motion **(Rec.**

**Doc. 35)** are hereby **DENIED AS MOOT**.

New Orleans, Louisiana, this 15th day of November, 2012.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**