UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL J. RILEY | CIVIL ACTION |
| VERSUS | NO.  11-187 |
| SECRETARY, JANET NAPOLITANO<br>DEPARTMENT OF HOMELAND SECURITY | SECTION "N"  (1) |

### ORDER AND REASONS

Before the Court is the **"Motion for New Trial" (Rec. Doc. 50)**, filed by the plaintiff. Defendant has filed an opposition memorandum (Rec. Doc. 52), and plaintiff has filed a reply memorandum (Rec. Doc. 55).

On November 15, 2012, the Court granted defendant's motion for summary judgment on plaintiff's retaliation claim and entered judgment in favor of defendant. (Rec. Docs. 46 and 47). Previously, in opposition to defendant's motion for summary judgment, and in support of his own motion for summary judgment, plaintiff argued that his alleged protected activity – the July 11, 2007 email that plaintiff sent to Lois Cleveland and Pauline Campbell – opposed an unlawful employment practice, therefore falling within the opposition clause of 42 U.S.C. § 2000e–3(a). Now, in support of new trial, he argues that this same email constituted participation in an investigation, proceeding, or hearing under Title VII, and therefore falls within the participation clause of the statute.   Although plaintiff had initiated no complaint with the EEOC at the time of the email, his argument seems to be that the July 11 email itself commenced a Title VII proceeding within FEMA's own complaint process for employment discrimination.  However,

assuming without deciding that such an internal complaint could constitute protected activity under the participation clause, this argument fails for the same reason as plaintiff's earlier opposition clause argument failed:  The email does not refer to any practice made an unlawful employment practice under Title VII.  Although the plaintiff complained in the email of mistreatment, he did not suggest that the treatment was based on any characteristic protected under Title VII.  Indeed, plaintiff has admitted that the email complaint was not based on any protected status.  *See* Riley Depo. at pp. 77-78 (Rec. Doc. 29-10 at p. 20 of 26).  Thus, the email cannot be construed as commencing a proceeding under Title VII.  Because he cannot make out a *prima facie* case of retaliatory discharge, his claim was properly dismissed as a matter of law.  Consequently, he has failed to present any basis that would warrant relief under Rule 59, Rule 60, or otherwise.  Accordingly;

**IT IS ORDERED** that plaintiff's Motion for New Trial **(Rec. Doc. 50)** is hereby **DENIED**.

New Orleans, Louisiana, this 17th day of December, 2012.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**